# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 21, 2021

* * * * * * * * * * * * * * *  *
KEVIN SARNI, *Legal Representative of*   * No. 19-1403V
AUDREY HINOJOSA HERNANDEZ      *
SARNI,                         *
        Petitioner,   * Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            * Dismissal; Human Papillomavirus Vaccine
AND HUMAN SERVICES,            * ("HPV" or Gardasil); Adverse Reaction
                               *
        Respondent.   *
* * * * * * * * * * * * * * *  *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On September 12, 2019, Kevin Sarni ("Petitioner") filed a petition for compensation on behalf of Audrey Hinojosa Hernandez Sarni ("Ms. Sarni"), under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that Ms. Sarni suffered an adverse reaction to the human papillomavirus ("HPV" or Gardasil) vaccination she received on September 15, 2016. Pet. at 1, ECF No. 1.

On March 23, 2021, Petitioner filed an unopposed motion for a decision dismissing his petition. ECF No. 35. In his motion, Petitioner indicated "[he] has made the choice that he would like to opt out of the Vaccine Program in advance of the Court ruling on entitlement . . . [and] wishes to pursue a third[-]party action in district court against Merck directly." *Id.* at 2. He continued, "[t]his choice should not be viewed in any way that Petitioner does not believe in the merits of his claim or that [Ms. Sarni's] injuries are not a result of Gardasil . . . [he] simply needs a judgment from the Vaccine Program so that he may reject said judgment and submit his election to opt out." *Id.* at 2–3. Respondent has no objection to Petitioner's motion. *Id.* at 3.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

To receive compensation under the Program, Petitioner must prove either (1) that Ms. Sarni suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that Ms. Sarni suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, a closer review of the record is not warranted in light of Petitioner's motion for a decision dismissing the petition. Therefore, this case must be **dismissed. The Clerk shall enter judgment accordingly**.[2]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.